Steve SCHRUM, Plaintiff–Appellant,

v.

BURLINGTON NORTHERN & SANTA
FE RAILWAY COMPANY,
Defendant–Appellee,

Burlington Northern & Santa
Fe Railway Company, Third–
party–plaintiff–Appellee,

v.

Chemical Lime Company of Arizona;
et al., Third–party–defendant–
Appellees.

No. 06–16135.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2008.

Filed July 10, 2008.

George T. Brugess, Hoey & Farina, PC,
Chicago, IL, for Plaintiff–Appellant.

Theresa Dwyer, Sal J. Rivera, William
L. Thorpe, Fennemore & Craig, PC,
Charles D. Onofry, Luane Rosen, Schneid-
er & Onofry, PC, Phoenix, AZ, for Third–
party–plaintiff–Appellee.

Charles D. Onofry, Luane Rosen, for
Third–party–defendant–Appellees.

Before: WALLACE and GRABER,
Circuit Judges, and TIMLIN,* District
Judge.

MEMORANDUM **

Plaintiff-appellant Schrum appeals from
the district court's summary judgment in
favor of defendant-appellee Burlington
Northern Santa Fe Railway Company
(BNSF) on Schrum's complaint under the
Federal Employers' Liability Act (FELA),
45 U.S.C. §§ 51–60. We affirm.[1]

---

\* The Honorable Robert J. Timlin, United States
District Judge for the Central District of Cali-
fornia, sitting by designation.

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36-3.

1. On June 9, 2008, this court dismissed two
related appeals, numbers 06–16169 and 07–
16144, pursuant to a stipulation between
BNSF and Chemical Lime Company of Ari-
zona. We do not, therefore, address those
appeals in this disposition.

FELA provides that "[e]very common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of ... [the] carrier." 45 U.S.C. § 51. FELA plaintiffs generally must provide admissible expert testimony showing that the workplace harm they allege "played some part in producing their injuries." *Claar v. Burlington N. R.R. Co.,* 29 F.3d 499, 504–05 (9th Cir.1994).

Schrum argues that the jury should have been allowed to determine causation in his case. However, the aggravation of Schrum's pre-existing asthmatic condition is not the kind of obvious work injury that could be presented to a jury without expert testimony. *Cf. Gallick v. Baltimore & Ohio R.R. Co.,* 372 U.S. 108, 113–14, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963) (no expert testimony was required in a case where a man received an insect bite at a worksite); *Lavender v. Kurn,* 327 U.S. 645, 652, 66 S.Ct. 740, 90 L.Ed. 916 (1946) (no expert testimony was required when a mail hook struck an employee on the head); *see also Moody v. Me. Cent. R.R. Co.,* 823 F.2d 693, 695–96 (1st Cir.1987) (expert testimony is required to establish a causal connection between an accident and an injury "unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile"). Even Schrum's doctors could not determine what aggravated Schrum's asthma, suggesting that a lay jury could not make the determination itself.

Schrum also argues that he did provide expert testimony establishing causation. However, a review of the record presented on summary judgment reveals that no doctor was willing to testify that Schrum's inhaling of dust at Chemical Lime was a cause of his aggravated asthma. Schrum's only retained expert, Mr. Burg, was not a physician and did not offer evidence about Schrum's specific condition. BNSF's expert, Dr. Fernando, concluded that Schrum did not have occupational asthma. Dr. Khuri, BNSF's former chief medical officer, testified that he had no opinion as to whether exposure to lime dust might aggravate Schrum's asthma. Dr. Lindsay, Schrum's family doctor, testified that while Schrum's subjective complaints suggested that his work exacerbated his asthma, he could not say what in fact caused the injuries because he was not an expert in the area. We therefore affirm the district court's judgment because Schrum failed to present expert evidence establishing causation. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

**AFFIRMED.**